UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN TOWNES,

    Plaintiff,                                            Case No.    1:18-cv-00201-JTN-ESC

v.                                                          HON.  JANET T. NEFF

CARA WILKINSON;
ELIZABETH-ANNE J. PETERSON;
KELLY L. TRAVIS; JENNY EVANS;
MICHAEL STANTON; COUNTY OF BERRIEN;
CITY OF NILES,

    Defendants.
_____

**<u>DEFENDANTS' CITY OF NILES, EVANS AND STANTON PRE-MOTION CONFERENCE REQUEST</u>**

Plaintiff has filed a six count Complaint arising out of his arrest, guilty pleas to and sentences for three separate instances of failing to comply with the requirements of the Michigan Sex Offenders Registration Act, MCL 28.721, *et seq.* Plaintiff alleges there was no probable cause to arrest or prosecute him because he was not subject to the Act based on amendments that were made in July 2011. Plaintiff has alleged what the defendants believe to be Fourth Amendment claims of arrest without probable cause and malicious prosecution against the individual defendants though 42 U.S.C. § 1983 in Count I. Count II alleges Monell liability against Berrien County through 42 U.S.C. § 1983. Count III alleges Monell liability against the City of Niles through 42 U.S.C. § 1983. Count IV alleges state law claims of false arrest and false imprisonment. Count V alleges gross negligence under state law. Count VI alleges a state law claim of malicious prosecution. For the reasons that follow

1

these defendants seek to file a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and dismiss all of plaintiff's claims against them.

The plaintiff's Fourth Amendment claims of arrest without probable cause are barred by the statute of limitations. In Michigan, the statute of limitations for federal claims brought under 42 U.S.C. § 1983 is three years. *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009). "Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005). "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007)(Emphasis in original). "The statute of limitations for a claim for false arrest, however, 'where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.' [*Wallace*, 127 S. Ct.]. at 1100." *Fox v. DeSoto*, 489 F.3d 227, 235 (6th Cir. 2007). The criminal files demonstrate plaintiff was arraigned on the most recent criminal charge on September 5, 2012. Thus, the latest he could have timely filed a claim for arrest without probable cause under 42 U.S.C. § 1983 was September 5, 2015. This claim is barred.

Plaintiff's Fourth Amendment malicious prosecution claim also fails on the facts alleged in the pleadings. Plaintiff does not allege Officers Evans or Stanton made false statements or withheld information from the prosecutor. Plaintiff affirmatively alleges the police reports contain accurate statements of plaintiff's date of birth. In spite of this accurate disclosure plaintiff alleges prosecutions were authorized and successfully

pursued. Evans and Stanton must be dismissed. "It is absolutely clear, however, that an officer will not be deemed to have commenced a criminal proceeding against a person when the claim is predicated on the mere fact that the officer turned over to the prosecution the officer's *truthful* materials." *Sykes v. Anderson*, 625 F.3d 294, 314 (6th Cir. 2010) (Emphasis in original). In the absence of a viable claim against the individual officers the City of Niles can have no liability. *Wilson v. Morgan,* 477 F.3d 326, 340 (6th Cir.2007); *Baynes v. Cleland*, 799 F.3d 600, 622 (6th Cir. 2015).

The state law claims must also be dismissed. The two year statute of limitations for false arrest and imprisonment (M.C.L. 600.5303(2)) accrued when plaintiff was arrested. *Colvin v. Detroit Entm't, L.L.C.*, No. 296753, 2011 WL 2586321 (Mich. Ct. App. June 30, 2011). Additionally, truthfully disclosing the known facts to the prosecutor will not support a finding of malice – required to impose liability on the individual officers for both false arrest/imprisonment and malicious prosecution. *Bletz v. Gribble*, 641 F.3d 743, 757 (6th Cir. 2011). The gross negligence claim fails in light of the intentional tort claims. *Id*. at 756. The state law claims against the City of Niles are based on vicarious liability, which is not a recognized exception to governmental immunity. *Malcolm v. City of East Detroit,* 437 Mich. 132, 134, 468 N.W.2d 479 (1991).

Respectfully submitted,

DATED:  June 25, 2018          PLUNKETT COONEY

BY:   /s/Michael S. Bogren
        Michael S. Bogren (P34835)
        Attorney for Defendants
        CITY OF NILES, JENNY EVANS, AND
        MICHAEL STANTON

Open.00560.81752.20530953-1