UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

_____

DARREN TOWNES,

        Plaintiff,

                                     File No. 18-cv-201-JTN-ESC

v.

                                     Hon. Janet T. Neff

CARA WILKINSON;
ELIZABETH-ANNE J. PETERSON;
KELLY L. TRAVIS; JENNY EVANS;
MICHAEL STANTON; COUNTY OF BERRIEN;
CITY OF NILES,

        Defendants.

_____

**<u>PLAINTIFF'S BRIEF IN OPPOSITION TO</u>**
**<u>DEFENDANTS EVANS, STANTON AND CITY OF NILES'</u>**
**<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**
**<u>PURSUANT TO FED. R. CIV. P. 12(c)</u>**

**\*\*\* ORAL ARGUMENT REQUESTED \*\*\***

<u>CONCISE STATEMENT OF THE REASONS IN SUPPORT OF</u>
<u>PLAINTIFF'S POSITION, PURSUANT TO W.D. MICH. LCIVR 7.1(A)</u>

Defendants' Motion should be denied for the following reasons:

**1.     The statute of limitations does not bar Plaintiff's Fourth Amendment claims.**

Controlling U.S. Supreme Court and Sixth Circuit precedent provide that any section 1983 claim that would imply the invalidity of a state law conviction – the arrest is what triggered the prosecution and conviction – cannot be brought until the plaintiff's conviction has been reversed or otherwise declared invalid. *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* court held that, "Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor, 1 C. Corman, Limitation of Actions § 7.4.1, p. 532 (1991); *Carnes v. Atkins Bros. Co.*, 123 La. 26, 31; 48 So. 572, 574 (1909), so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck*, at 489-490. Moreover, the statute of limitations only begins to run when Plaintiff knew or should have known of the injury which forms the basis of his claim. Mr. Townes did not have any knowledge of the injury until spring 2016, when the MDOC alerted everyone to the problem, because until then he thought he was guilty.

**2.     Plaintiff's malicious prosecution claim is viable.** Defendants have not simply "provided truthful"information to the prosecutors and sat back passively or neutrally as prosecutors decided to prosecute. Rather, Defendants actively participated and aided in the decision to prosecute. Plaintiff has adequately so alleged in his complaint.

## <u>INDEX OF AUTHORITIES</u>

**<u>Case Law</u>**

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6, 12

*Barnes v Wright*, 449 F.3d 709 (6th Cir.2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

*Carnes v. Atkins Bros. Co.*, 123 La. 26; 48 So. 572 (1909). . . . . . . . . . . . . . . . . . .  ii, 6-7

*Friedman v. Estate of Presser*, 929 F.2d 1151 (6th Cir.1991). . . . . . . . . . . . . . . . . . . . .  7

*Heck v. Humphrey*, 512 U.S. 477 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii, 6-7

*Lindsay v. Yates*, 498 F.3d 434 (6th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*Scott v. Ambani*, 577 F.3d 642 (6th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*Sevier v. Turner*, 742 F.2d 262 (6th Cir.1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*Sykes v. Anderson*, 625 F.3d 294 (6th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9, 11

*Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d. . . . . . . . . . . . . . . . . . . . . 8-9

*Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938 (1985). . . . . . . . . . . . . . . . . . . . . . . . . .  7

**<u>Statutes</u>**

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii, 6-7, 9, 12

MCL 28.721. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

MCL 28.725a. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

MCL 28.729. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

MCL 28.722. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2, 4

**<u>Court Rules</u>**

Fed. R. Civ. P. 12. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6, 12

## INTRODUCTION

In each of three separate criminal cases, Defendants wrongfully caused Plaintiff to be arrested, charged, prosecuted and convicted in Berrien County Trial Court of failing to register as a sex offender and/or failing to report his address, despite the fact that Michigan law plainly indicated that Mr. Townes was not required to do so, based on his age at the time of the triggering criminal sexual conduct offense. In spring 2016 the Berrien County Prosecutor, thanks only to an alerting letter from MDOC, realized its error, and immediately moved to have Plaintiff's charges, convictions, and sentences in each of those cases overturned and set aside. The Berrien County Trial Court granted that motion, and Mr. Townes was released from prison on or about May 3, 2016, after having spent more than 1,562 days (more than 4.25 years) in jail and prison for "crimes" which were not in fact crimes at all, which he could not have committed and which he did not, as a matter of law and fact, commit.

## COUNTER-STATEMENT OF FACTS

Darren Townes was born in 1992.[1] (Complaint, Doc #1, ¶ 19.)

## I.    The 2006 CSC offense.

In 2006 Mr. Townes was convicted of criminal sexual conduct, second degree, in Berrien County, arising out of a February 7, 2006 offense date. (*Id.*, ¶ 20.) He was 13 years old at the time of the offense giving rise to that conviction ("the 2006 CSC offense"). (*Id.*, ¶ 21.)

---

[1]    Pursuant to Fed. R. Civ. P. 5.2(a)(2) Plaintiff has not included in this filing Mr. Townes' the month and date of Mr. Townes' birth.

## II.      SORA is amended effective July 1, 2011.

The State of Michigan's Sex Offenders Registration Act, MCL 28.721, *et seq* ("SORA") was amended effective July 1, 2011. (*Id.*, ¶ 22.) That date is significant because effective July 1, 2011 Mr. Townes was not legally required to register as a sex offender, because he did not meet the statutory definition of being "convicted" under MCL 28.722(b), as amended, because he was under the age of 14 at the time of the 2006 CSC offense; specifically, he was 13 years old.

## III.     Wrongful arrest, charge, prosecution and conviction no. 1.

On August 26, 2011 Defendant Jenny Evans, a City of Niles police officer, arrested Mr. Townes as a "non-compliant SOR as he failed to verify his address during the July 2011 verification period." (*Id.*, ¶ 29.) That same day Officer Evans signed a criminal complaint arising out of that arrest. (*Id.*, ¶ 30.) That complaint accurately states Mr. Townes' date of birth. (*Id.*) Based on that complaint, Mr. Townes was arrested for, charged with, prosecuted for, and convicted of violating SORA. (*Id.*, ¶¶ 37, 41.) Specifically, on September 2, 2011 Mr. Townes was found guilty of one count of attempted sex offender failure to register. (*Id.*, ¶ 42.) On October 10, 2011 Mr. Townes was sentenced to 46 days in county jail, with credit for 46 days served. He was also sentenced to pay $68 in state costs, $130 to the crime victim's fund, and $300 in attorney fees, for a total of $498. (*Id.*, ¶ 45.)

## IV.     Wrongful arrest, charge, prosecution and conviction no. 2.

On January 19, 2012 Defendant Jenny Evans, received information that Mr. Townes was wanted on two warrants. (*Id.*, ¶ 50.) She ran Mr. Townes' name through the LEIN system and was

advised that he was an "SOR absconder (non-compliant)". (*Id.*, ¶ 51.) Officer Evans wrote in the criminal complaint against Mr. Townes that the police dispatch told Officer Evans that "SOR records show [that Mr. Townes] failed to verify his address in October 2011 or January 2012 as required." (*Id.*, ¶ 52.)

Based on that complaint, Mr. Townes was formally arrested for, charged with, and prosecuted for of "failing to register address within time proscribed by state; contrary to MCL 28.729(1)(a). [28.729]" – second offense – and that he "did fail to comply with MCL 28.725a, by failing to verify address from January 1, 2012 to January 15, 2012; contrary to MCL 28.729(2)(a). [28.7292]". (*Id.*, ¶ 68, 74.) On February 10, 2012 Mr. Townes was convicted of failing to register his address, in violation of MCL 28.729. (*Id.*, ¶ 77.)

On March 12, 2012 he was sentenced to 180 days in jail, with credit for 53 days served. He was also ordered to pay $68 in state cost, $130 to the crime victim's fund, and $300 in attorney fees. (*Id.*, ¶ 78.) Upon information and belief, Mr. Townes served the entire 180-day sentence in county jail. (*Id.*, ¶ 79.)

**V.**   **Wrongful arrest, charge, prosecution and conviction no. 3.**

On or about August 3, 2012 Defendant Michael Stanton, a police officer with th City of Niles, signed a felony criminal complaint and warrant against Mr. Townes for allegedly having failed to comply with his reporting duties. (*Id.*, ¶ 80.) On the basis of Defendant Stanton's representations, Mr. Townes was arrested for allegedly having failed to comply with his reporting duties under SORA. (*Id.*, ¶ 81.)

Mr. Townes was charged with and prosecuted for failing to register, second offense. (*Id.*, ¶ 85.) Defendants caused Mr. Townes to be criminally prosecuted and later convicted of failing to register, second offense. (*Id.*, ¶ 94.)

On October 15, 2012 he was sentenced to prison for 15 to 84 months, with credit for 40 days time served. He was also ordered to pay a fine of $500, $1,000 in costs, $68 in state costs, and $130 to the crime victim's fund. (*Id.*, ¶ 95.)

## VI.   The problem is discovered, and Mr. Townes' convictions are set aside.

On April 29, 2016 Daphne Johnson, M.P.A., J.D., the Administrator of the Office of Legal Affairs at the Michigan Department of Corrections ("MDOC"), wrote a letter to Judge Wiley and Judge Schofield, of the Berrien County Circuit Court, advising them that the MDOC "believes that there may be sentencing errors in [Mr. Townes' criminal cases from 2011 and 2012 detailed above] and that he was improperly convicted in all three cases." (*Id.*, ¶ 97.) She further wrote, in pertinent part, that:

> "As of July 1, 2011, it appears that Mr. Townes did not have to register as a sex offender as he did not meet the statutory definition of being "convicted" under MCL 28.722(b) because he was under the age of 14 at the time he committed the 2006 offense. Mr. Townes was 13 years old at the time of the 2006 offense.
>
> * * *
>
> *Therefore, it appears that Mr. Townes was not required to be registered as a former sex offender as of July 1, 2011 and that he should not have been subsequently charged and convicted for Attempted Sex Offender – Failure to Register (Dkt. 2011016168-FH)), Sex Offender – Failure to Register (Dkt 2012015122-FH), and Sex Offender – Failure to Register, 2nd (Dkt. 2012016135-FH). Since Mr. Townes is currently incarcerated with the Michigan Department of Corrections on Dkt. 2012016135-FH, it is respectfully submitted that the parties review this matter with some sense of urgency. Additionally, Mr. Townes has*

already been removed from the Sex Offender Registry by the Michigan State Police." (*Id.*, ¶ 98.)

Ms. Johnson sent a copy of that letter to, among other people, Michael J. Sepic, the Berrien County Prosecutor. (*Id.*, ¶ 99.)

Ms. Johnson attached to that April 29, 2016 letter an April 28, 2016 letter from the Department of State Police, indicating that, "The Michigan Sex Offenders Registration Act no longer requires a juvenile offender to register as a sexual offender if the juvenile was less than 14 years of age at the time of the offense. It has been determined that you meet this criteria. As a result, you are no longer required to register as a sexual offender and your name and information have been removed from the Michigan Sex Offender Registry." (*Id.*, ¶ 100.)

On May 3, 2016 Berrien County Prosecutor Michael J. Sepic signed a Motion to Set Aside Convictions and Dismiss Cases in the above-referenced 2011 and 2012 criminal cases. (*Id.*, ¶ 101.) In it, Prosecutor Sepic wrote that:

> "The People of the State of Michigan, by Michael J. Sepic, Berrien County Prosecutor, move this Court to set aside the convictions of Defendant in the above-captioned cases, dismiss the charges, and discharge Defendant from any remaining sentences imposed in these matters for the reason that newly-discovered evidence indicates that Defendant was not required to register as a sex offender at the time of those offenses. See attached Michigan Department of Corrections Letter of April 29, 2016; Michigan Department of State Police Letter of April 28, 2016; Judgment of Conviction."

Berrien County Trial Court Judge Angela M. Pasula signed an order granting the motion on May 3, 2016, the same day Mr. Sepic signed and filed the motion. (*Id.*, ¶ 105.) Pursuant to that order, Mr. Townes was released from prison on or about May 3, 2016. (*Id.*, ¶ 106.

He filed the instant lawsuit on February 26, 2018.

## STANDARD OF REVIEW

Defendants have moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The Court reviews such a motion under the same standard as a motion brought pursuant to Rule 12(b)(6). *Lindsay v. Yates,* 498 F.3d 434, 438 (6th Cir. 2007). In doing so, the Court construes the complaint "in the light most favorable to the plaintiffs, accept[s] all of the complaint's factual allegations as true, and decide[s] whether the plaintiffs can prove any set of facts in support of their claims that would entitle them to relief." *Id.* The plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* at 570. See also *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

## ARGUMENT

**I.    The statute of limitations does not bar Plaintiff's Fourth Amendment claims.**

Controlling U.S. Supreme Court and Sixth Circuit precedent provide that any section 1983 claim that would imply the invalidity of a state law conviction – **and it is undisputed that the arrest is what triggered the prosecution and conviction** – cannot be brought until the plaintiff's conviction has been reversed or otherwise declared invalid. *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* court held that, "Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have

terminated in the plaintiff's favor, 1 C. Corman, Limitation of Actions § 7.4.1, p. 532 (1991); *Carnes v. Atkins Bros. Co.*, 123 La. 26, 31; 48 So. 572, 574 (1909), so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck*, at 489-490.

Here, Mr. Townes' conviction was set aside by order dated May 3, 2016. (Complaint, Doc #1, ¶¶ 101-102, 105-106.) Thus, Plaintiff's February 26, 2018 filing of this case was timely.

Next, the parties agree that in Michigan, the statute of limitations for federal claims brought under 42 U.S.C. § 1983 is three years. *Scott v. Ambani,* 577 F.3d 642, 646 (6th Cir. 2009). However, the question of <u>when</u> the statute of limitations begins to run is determined by federal law, a point Defendants acknowledge.[2] *Wilson v. Garcia,* 471 U.S. 261, 268-271, 105 S.Ct. 1938 (1985).

Under federal law the limitations period begins to run when plaintiffs knew or should have known of the injury which forms the basis of their claims. *Friedman v. Estate of Presser,* 929 F.2d 1151, 1159 (6th Cir.1991) (citing *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir.1984)). The instant case is different from every other wrongful arrest case the undersigned has ever read, because at the time of his arrests Plaintiff had no reason to think that his arrests or prosecutions or convictions were wrongful. Indeed, it was not until years later, when the Michigan Department of Corrections employee stumbled upon the matter and brought it to everyone's attention, to have <u>any</u> suspicion, let alone actual or constructive knowledge required by federal law, of an "injury". **In his mind, there was no "injury" because, not knowing any better, he thought he was guilty of the crimes for which he was arrested, prosecuted and convicted.** That is far different

---

[2]     See Defendants' Brief, at 6.

from the any other false arrest claim where the arrestee knows either from the initial arrest or shortly after (often after getting a lawyer) that he or she was arrested wrongfully. Here, Mr. Townes was in the dark the entire time; ttragically for him, so was everyone else, too. The difference, of course, is that those others – the police officers, the prosecutors, and his own attorneys – undoubtedly should have known better.

Consider the facts in *Wallace*. There, two days after victim John Handy was shot to death, Chicago police officers interrogated the 15-year-old petitioner, Andre Wallace, for hours, until he agreed to confess to the murder. Prior to trial, petitioner unsuccessfully attempted to suppress his station house statements as the product of an unlawful arrest. He was later convicted of first-degree murder and sentenced to 26 years in prison. There, Wallace and his counsel claimed right out of the gate – and without question before trial – that Wallace had been wrongfully arrested. Here, Mr. Townes had no clue that he was not guilty until years later. Defendants quote *Wallace* to the effect that:

> "There can be no dispute that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention, so the statute of limitations would normally commence to run from that date." (Defendants' Brief, at 8 (quoting *Wallace,* at 388).)

Mr. Townes could not have filed suit as the allegedly wrongful arrest occurred because he had no reason at that point to think it was wrongful.

## II.      Plaintiff's Fourth Amendment-based malicious prosecution claim is viable.

Plaintiff alleges a Fourth Amendment-based claim of malicious prosecution. On that point, Defendants acknowledge that the Sixth Circuit "recognize[s] a separate constitutionally cognizable

claim of malicious prosecution under the Fourth Amendment," which "encompasses wrongful investigation, prosecution, conviction, and incarceration.", and that "The 'tort of malicious prosecution' is 'entirely distinct' from that of false arrest, as the malicious-prosecution tort 'remedies detention accompanied not by absence of legal process, but by wrongful institution of legal process.' (Defendants' Brief, at 12–13, citing *Barnes v. Wright,* 449 F.3d 709, 715-176 (6th Cir.2006) and *Wallace v. Kato,* 549 U.S. 384, 390; 127 S.Ct. 1091, 166 L.Ed.2d.) Notably, the Sixth Circuit has never required that a plaintiff demonstrate "malice" in order to prevail on a Fourth Amendment claim for malicious prosecution, and has expressly declined to create such a requirement. *Sykes v. Anderson,* 625 F.3d 294, 309 (6th Cir. 2010).

To succeed on a malicious prosecution claim under section 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove the following:

1. That a criminal prosecution was initiated against the plaintiff and that the defendant "ma[d]e, influence[d], or participate[d] in the decision to prosecute."

2. That there was a lack of probable cause for the criminal prosecution.

3. That, "as a consequence of a legal proceeding," the plaintiff suffered a "deprivation of liberty," as understood in our Fourth Amendment jurisprudence, apart from the initial seizure.

4. That he criminal proceeding was resolved in the plaintiff's favor. *Sykes v. Anderson,* 625 F.3d 294 (6th Cir. 2010).

Defendants' Motion attacks the first element, which the *Sykes* court explained as follows:

"The meaning of the term "participated" should be construed within the context of tort causation principles. Its meaning is akin to "aided." To be liable for

"participating" in the decision to prosecute, the officer must participate in a way that aids in the decision, as opposed to passively or neutrally participating." *Id.*

Defendants Niles and Stanton argue that they only provided truthful information to the prosecutors, and therefore they cannot be deemed to have commenced a proceeding against a person. (Defendants' Brief, at 13.)

Here, Defendants Niles and Stanton did more than provide truthful information, i.e. Mr. Townes' date of birth.

**Case no. 1:** Here, Plaintiff has alleged that:

- On August 26, 2011 Defendant Jenny Evans, a City of Niles police officer, arrested Mr. Townes as a "non-compliant SOR as he failed to verify his address during the July 2011 verification period." (Complaint, Doc #1,¶ 29.)

- That same day Officer Evans signed a criminal complaint arising out of that arrest. (*Id.*, ¶ 30.)

- Based on that complaint, Mr. Townes was arrested for, charged with, prosecuted for, and convicted of violating SORA. (*Id.*, ¶¶ 37, 41-42.)

**Case no. 2:** Here, Plaintiff has alleged that:

- On January 19, 2012 Defendant Jenny Evans ran Mr. Townes' name through the LEIN system and was advised that he was an "SOR absconder (non-compliant)". (Complaint, Doc #1,¶ 51.)

- Officer Evans wrote in the criminal complaint against Mr. Townes that the police dispatch told Officer Evans that "SOR records show [that Mr. Townes] failed to verify his address in October 2011 or January 2012 as required." (*Id.*, ¶ 52.)

- Based on that complaint, Mr. Townes was formally arrested for, charged with, prosecuted for, and later convicted of failing to register, second offense. (Id., ¶¶ 74-75, 77.)

**Case no. 3.** Defendant Stanton, a City of Niles police lieutenant, signed a felony criminal complaint and warrant against Mr. Townes for allegedly having failed to comply with his reporting duties. (Complaint, Doc #1, ¶ 80.) On the basis of those representations, Mr. Townes was arrested for allegedly having failed to comply with his reporting duties under SORA. (*Id.*, ¶ 81.)

The common theme here is that Defendants Niles and Stanton did far more than simply provide "vanilla" information, i.e. date of birth, to the prosecutors, and then sit back as prosecutors arrested, prosecuted and obtained convictions of Mr. Townes. **Rather, Defendants actively came to those prosecutors accusing Mr. Townes of violating his reporting requirements under SORA.** As the *Skyes* court noted:

> "The meaning of the term "participated" should be construed within the context of tort causation principles. Its meaning is akin to "aided." To be liable for "participating" in the decision to prosecute, the officer must participate in a way that aids in the decision, as opposed to passively or neutrally participating." *Sykes v. Anderson,* 625 F.3d 294 (6th Cir. 2010).

Signing a criminal complaint is an active act of aiding or participating in the decision to prosecute. To put it another way, signing a criminal complaint is not "passively or neutrally participating." Indeed, t is anything but. Without a criminal complaint – a charging document – the criminal

prosecution does not begin.[3] Moreover, that the prosecutors <u>also</u> were at fault does not relieve Defendants Niles and Stanton of liability for their malicious prosecutions of Mr. Townes.

**III.    Plaintiff has viable claims against the City of Niles.**

Plaintiff agrees with Defendants' asserted legal premise; namely, that "There can be no *Monell* municipal liability under § 1983 unless there is an underlying unconstitutional act." (Defendants' Brief, at 14.) But Plaintiff disagrees that he has no viable constitutional claim to assert against Defendant Evans or Defendant Stanton, for the reasons set forth above.

**<u>CONCLUSION & RELIEF REQUESTED</u>**

Plaintiff submits that he has met his burden on this motion for judgment on the pleadings brought pursuant to Rule 12(c), and that he has alleged facts and stated a claim to relief that is plausible on its face, which our Supreme Court has explained exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft, supra,* at 1949. Defendants are not entitled to judgment on the pleadings as a matter of law, because on these pleadings Defendants have not simply "provided truthful" information to the prosecutors and sat back passively or neutrally as prosecutors decided to prosecute. Rather, Defendants actively participated and aided in the decision to prosecute. Plaintiff has adequately so alleged in his complaint.

---

[3]    The complaint is a necessary prerequisite to a criminal prosecution, except where an indictment has been returned by a grand jury or by a judicial officer acting in the capacity of a grand juror pursuant to statute. MCL 764.1d; *People v O'Hara,* 278 Mich 281, 293, 270 NW 298 (1936).

Plaintiff respectfully asks the Court to deny the Motion.


Dated: November 8, 2018                                        /s/ John F. Turck IV
                                                               Thomas H. Blaske (P26760)
                                                               John F. Turck IV (P67670)
                                                               BLASKE & BLASKE, P.L.C.
                                                               Attorneys for Plaintiff
                                                               500 South Main Street
                                                               Ann Arbor, Michigan 48104
                                                               (734) 747-7055