UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN TOWNES,

    Plaintiff,

v.

CARA WILKINSON;
ELIZABETH-ANNE J. PETERSON;
KELLY L. TRAVIS; JENNY EVANS;
MICHAEL STANTON; COUNTY OF BERRIEN;
CITY OF NILES,

    Defendants.

Case No.   1:18-cv-00201-JTN-ESC

HON.  JANET T. NEFF

_____

**BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c).**

**STATEMENT OF FACTS**

**INTRODUCTION**

This case arises out of the plaintiff's arrest, prosecution and ultimate incarceration for violating the Michigan Sex Offender's Registration Act (the Act), M.C.L. 28.721, *et. seq*. Plaintiff was arrested and convicted of violating the Act on three separate occasions. He was incarcerated in state prison after the third conviction. His convictions were vacated and he was released from prison in May 2016. This lawsuit was filed on February 26, 2018.

**UNDERLYING CONVICTION**

Plaintiff was born in 1992. (Complaint, ECF No. 1, p. 4, ¶ 19). He was convicted of criminal sexual conduct, second degree, in Berrien County, Michigan, arising out of an event that occurred on February 7, 2006. (*Id.*, ¶ 20). Plaintiff was thirteen years old at the time of the offense. (*Id.*, ¶ 21).

1

**FIRST ARREST AND PROSECUTION**

Plaintiff was arrested by Defendant Evans, a City of Niles police officer on August 26, 2011 for failing to timely verify his address on the Sex Offender Registry (SOR). (*Id.*, ¶ 29). That same day Officer Evans signed a criminal complaint arising out of the arrest which accurately stated plaintiff's date of birth. (*Id.*, ¶¶ 30 – 31). The following day, August 27, 2011, Defendant Peterson, an Assistant Prosecuting Attorney in Berrien County, signed the criminal complaint, formally charging plaintiff with violating the reporting requirements of the Act. (*Id.*, ¶ 34). On August 27, 2011, Judge Angela M. Pasula signed the arrest warrant, which included the following statement: "I hereby find probable cause to believe the above-named subject has committed the above-cited criminal offense . . ." (**Exhibit A**).[1] Subsequently a felony complaint for violating the reporting requirements of the Act was authorized on August 29, 2011 by Assistant Prosecuting Attorney Cara Wilkinson. (**Exhibit B** and Complaint, ECF No. 1, p. 7, ¶ 37). An arrest warrant was issued by Magistrate Carol Brohman on August 29, 2011, which included the following statement: "I hereby find probable cause to believe the above-named subject has committed the above-cited criminal offense . . ." (**Exhibit C** and Complaint, ECF No. 1, p. 7, ¶ 37). Plaintiff was arraigned on August 29, 2011 and his petition for appointment of counsel was granted. (**Exhibit D**). Plaintiff waived a preliminary examination and was bound over to circuit court on September 2, 2011. (**Exhibit E**). Plaintiff, represented by Attorney Albert Mais, pled guilty to the charge on September 2, 2011. (**Exhibit F** and Complaint, ECF No. 1, p. 7, ¶ 42).

---

[1] In deciding a Rule 12 motion a court may consider exhibits attached to the Complaint, **public records**, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, as long as they are referred to in the Complaint and are central to the claims contained in the Complaint, without converting the motion to one for summary judgment. *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015)

Plaintiff was sentenced to 46 days in the county jail with credit for 46 days served and costs in the amount of $498.00. (**Exhibit G** and Complaint, ECF No. 1, p. 8, ¶ 45).

## SECOND ARREST AND PROSECUTION

On January 19, 2012 Officer Evans received information plaintiff was wanted on two warrants. (*Id.*, ¶ 50). Officer Evans ran plaintiff's name through LEIN (Law Enforcement Information Network) which listed plaintiff as "SOR absconder (non-compliant)." (*Id.*, p. 9, ¶ 51). Evans was informed that SOR records showed plaintiff had failed to verify his address in October 2011 or January 2012 as required. (*Id.*, ¶ 52). After being unable to locate plaintiff Evans prepared a criminal complaint describing these facts, including an accurate statement of plaintiff's date of birth, and submitted it to the Berrien County Prosecutor's Office. (*Id.*, ¶¶ 55 – 56 and **Exhibit H**). Defendant Kelly L. Travis, a Berrien County Assistant Prosecuting Attorney, reviewed the complaint and authorized issuance of an arrest warrant on January 31, 2012. (**Exhibit I** and Complaint, ECF No. 1, p. 9, ¶ 57, p. 10, ¶ 60). A felony arrest warrant was issued by Magistrate Carol Brohman on February 3, 2012, which included the following statement: "I hereby find probable cause to believe the above-named subject has committed the above-cited criminal offense." (**Exhibit J** and Complaint, ECF No. 1, p. 10, ¶ 61, p. 12, ¶ 73). Plaintiff was arraigned on February 6, 2012 and his petition for appointment of counsel was granted. (**Exhibits K and L**). On February 10, 2012 plaintiff waived the preliminary examination and was bound over to circuit court for trial. (**Exhibit M**). On February 13, 2012 Ms. Wilkinson signed a Felony Information alleging plaintiff failed to comply with the reporting requirements of the Act. (**Exhibit N** and Complaint, ECF No. 1, p. 11, ¶ 68). Plaintiff pled guilty to Count I of the Information for failing to comply with the reporting requirements of the Act, (*Id.*, ¶ 77) and Count II was

3

dismissed on an order of *nolle prosequi*. (Id., ¶ 76 and **Exhibit O**). On March 12, 2012 plaintiff was sentenced to 180 days in jail with credit for 53 days served and ordered to pay costs. (**Exhibit P** and Complaint, ECF No. 1, p. 12, ¶ 78).

### THIRD ARREST AND PROSECUTION

On August 3, 2012, Lt. Michael Stanton of the Niles Police Department submitted a complaint and warrant request to the Berrien County Prosecuting Attorney's Office seeking a warrant to arrest plaintiff for failing to comply with the reporting requirements of the Act. (*Id.*, ¶ 80 and **Exhibit Q**). The warrant request accurately states the plaintiff's date of birth of March 13, 1992. (**Exhibit Q**). (*Id.*)  APA Wilkinson signed a felony Complaint on August 9, 2012 alleging plaintiff failed to comply with the reporting requirements of the Act. (Complaint, ECF No. 1, p. 13, ¶ 82 and **Exhibit R**).  Also on August 9, 2012, Magistrate Carol Brohman signed the felony arrest warrant which included the following statement: "Upon examination of the complaining witness, I find that the offense charged was committed and that there is probable cause to believe that the defendant committed the offense." (**Exhibit S**). Plaintiff was arrested and was arraigned on September 5, 2012. (**Exhibit T**). His petition for appointment of counsel was granted at the same time. (**Exhibit U**). Plaintiff waived the preliminary examination and was bound over to circuit court on September 18, 2012. (**Exhibit V**). Plaintiff pled guilty to failing to comply with the reporting requirements of the Act on September 18, 2012. (Complaint, ECF No. 1, p. 14, ¶ 94 and **Exhibit W**). He was sentenced to a prison term of 15 to 84 months with credit for 40 days served and was ordered to pay fines and costs. (**Exhibit X** and Complaint, ECF No. 1, p. 14, ¶ 95).  On May 3, 2016, upon motion of the Berrien County Prosecuting Attorney, Judge

4

Angela M. Pasula issued an order setting aside plaintiff's convictions. (Id., p. 16, ¶ 105 and **Exhibit Y**). Plaintiff filed this lawsuit on February 26, 2018. (ECF No. 1).[2]

## STANDARD OF REVIEW

In *Diebold v. Hartford Pub. Sch.*, No. 1:15-CV-529, 2017 WL 4512575, at *3 (W.D. Mich. May 25, 2017), this Court explained the standard for ruling on a motion brought pursuant to Rule 12(c):

"Subsection (c) of Federal Rule of Civil Procedure 12 permits a motion for judgment on the pleadings "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). A motion under Rule 12 is a "'test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations.'" *Lambert v. Hartman,* 517 F.3d 433, 439 (6th Cir. 2008) (quoting *Golden v. City of Columbus,* 404 F.3d 950, 958–59 (6th Cir. 2005)).

"The standards applicable to a Rule 12(c) motion are the same as those for Rule 12(b)(6). *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012); *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007). The court must take "all well-pleaded material allegations of the pleadings of the opposing party ... as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Wurzelbacher v. Jones–Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). A well-pleaded complaint contains "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), such that the plaintiff pleaded sufficient "factual content [to allow] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and

---

[2] Consistent with the Court's Order following the Pre-Motion Conference, plaintiff's counsel has informed counsel for the defendants that the equal protection claim is withdrawn.

common sense." *Iqbal*, 556 U.S. at 679. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, "the court need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Handy–Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citation and internal quotation marks omitted)." (Original quotation marks unaltered).

## ARGUMENT

**I. THE PLAINTIFF'S FOURTH AMENDMENT CLAIMS OF ARREST WITHOUT PROBABLE CAUSE AGAINST EVANS, STANTON AND THE CITY OF NILES ARE BARRED BY EXPIRATION OF THE STATUTE OF LIMITATIONS.**

In Michigan, the statute of limitations for federal claims brought under 42 U.S.C. § 1983 is three years. *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009). "Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005).

The defendants submit the Supreme Court's decision in *Wallace v. Kato*, 549 U.S. 384, 389, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007), is dispositive of this issue. As demonstrated in the Statement of Facts, the plaintiff was arrested pursuant to judicially authorized warrants in all three criminal cases. After each arrest he was arraigned before a judicial officer. And, in all three cases, he waived the preliminary examination and was

bound over to circuit court. The arrest warrant in the first criminal case was issued on August 29, 2011. (**Exhibit C** and Complaint, ECF No. 1, p. 7, ¶ 37). Plaintiff was arraigned on the same day. (**Exhibit D**). He waived preliminary examination and was bound over to circuit court on September 2, 2011. (**Exhibit E**). In the second criminal case a felony arrest warrant was issued on February 3, 2012. (**Exhibit J** and Complaint, ECF No. 1, p. 10, ¶ 61, p. 12, ¶ 73). Plaintiff was arraigned on February 6, 2012. (**Exhibit K**). He waived preliminary examination and was bound over to circuit court on February 10, 2012. (**Exhibit M**). The arrest warrant in the third criminal case was issued on August 9, 2012. (**Exhibit S**). Plaintiff was arraigned on September 5, 2012. (**Exhibit T**). He waived preliminary examination and was bound over to circuit court on September 18, 2012. (**Exhibit V**).

In *Wallace v. Kato, supra*, the Supreme Court addressed the statute of limitations for a Fourth Amendment claim alleging false arrest. The plaintiff, Andre Wallace, was fifteen years old when he was interrogated by police for several hours about the murder of John Handy. Plaintiff agreed to confess to Handy's murder. A prosecuting attorney prepared a statement to that effect, and Wallace signed it, at the same time waiving his *Miranda* rights. Wallace unsuccessfully attempted to suppress the confession as the product of an unlawful arrest. He was convicted of first-degree murder and sentenced to 26 years in prison. On direct appeal, the Appellate Court of Illinois held that Wallace was arrested without probable cause in violation of the Fourth Amendment. *Wallace v. Kato*, 549 U.S. at 386. The appellate court remanded the case for a new trial. Rather than re-try Wallace, prosecutors dropped the charges against him. *Id*. at 387.

On April 2, 2003, Wallace filed a § 1983 suit against the City of Chicago and several Chicago police officers, seeking damages arising from his unlawful arrest. The District

7

Court granted summary judgment to the defendants and the Court of Appeals affirmed, holding Wallace's § 1983 suit was time barred because his cause of action accrued at the time of his arrest, and not when his conviction was later set aside. *Id*. The Supreme Court affirmed the lower court rulings. The Supreme Court framed the issue in a manner that is directly applicable to this case:

"Thus, if the statute on petitioner's cause of action began to run at the time of his unlawful arrest, or even at the time he was ordered held by a magistrate, his § 1983 suit was plainly dilatory, even according him tolling for the two-plus years of his minority, [Illinois statutory citation omitted]. But if, as the dissenting judge argued below, the commencement date for running of the statute is governed by this Court's decision in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), that date *may* be the date on which petitioner's conviction was vacated, in which case the § 1983 suit would have been timely filed." *Wallace v. Kato*, 549 U.S. at 387–388.

The Supreme Court rejected the contention the claim accrued when Wallace's conviction was vacated. The Court first stated "it is 'the standard rule that [accrual occurs] when the plaintiff has "'a complete and present cause of action,'" *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.,* 522 U.S. 192, 201, 118 S.Ct. 542, 139 L.Ed.2d 553 (1997) (quoting *Rawlings v. Ray,* 312 U.S. 96, 98, 61 S.Ct. 473, 85 L.Ed. 605 (1941))." *Wallace v. Kato*, 549 U.S. at 388. The Court then stated: "There can be no dispute that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention, so the statute of limitations would normally commence to run from that date." *Id*.

8

The Court first addressed the common law history of false arrest and false imprisonment and concluded false arrest was a species of false imprisonment. "We shall thus refer to the two torts together as false imprisonment. That tort provides the proper analogy to the cause of action asserted against the present respondents for the following reason: The sort of unlawful detention remediable by the tort of false imprisonment is detention *without legal process,* see, *e.g.,* W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts § 11, p. 54, § 119, pp. 885–886 (5th ed.1984); 7 Speiser, *supra,* § 27:2, at 943–944, and the allegations before us arise from respondents' detention of petitioner *without legal process* in January 1994." *Id.* at 389. The Court then analyzed when a claim for false arrest/imprisonment accrues, and thus when the statute of limitations begins to run:

"Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges. 1 Dobbs, *supra,* § 39, at 74, n. 2; Keeton, *supra,* § 119, at 888; H. Stephen, Actions for Malicious Prosecution *390 120–123 (1888). Thereafter, unlawful detention forms part of the damages for the "entirely distinct" tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process. Keeton, *supra,* § 119, at 885–886; see 1 F. Harper, F. James, & O. Gray, Law of Torts § 3.9, p. 3:36 (3d ed.1996); 7 Speiser, *supra,* § 27:2, at 943–945. 'If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than

9

detention itself.' Keeton, *supra,* § 119, at 888; see also *Heck, supra,* at 484, 114 S.Ct. 2364; 8 Speiser, *supra,* § 28:15, at 80. Thus, petitioner's contention that his false imprisonment ended upon his release from custody, after the State dropped the charges against him, must be rejected. It ended much earlier, when legal process was initiated against him, and the statute would have begun to run from that date, but for its tolling by reason of petitioner's minority." *Wallace v. Kato*, 549 U.S. at 389–390. (Emphasis in original; footnotes omitted).

The Supreme Court concluded Wallace's claim was time barred: "We conclude that the statute of limitations on petitioner's § 1983 claim commenced to run when he appeared before the examining magistrate and was bound over for trial. Since more than two years elapsed between that date and the filing of this suit—even leaving out of the count the period before he reached his majority—the action was time barred." *Id*. at 391-392.

Applying the plain holding of *Wallace* to this case, it is equally clear plaintiff's Fourth Amendment claims for arrest without probable cause accrued – at the latest - on September 18, 2012 when he was bound over to circuit court on the third prosecution for failing to comply with the reporting requirements of the Act.[3] Plaintiff had until September 18, 2015 to timely file his Fourth Amendment claim for arrest without probable cause. Since he did not file suit until 2018, those claims are barred by the statute of limitations.

It is anticipated plaintiff will argue the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), somehow alters the outcome. It does not. "This would end the matter, were it not for petitioner's contention that *Heck v. Humphrey,* 512 U.S., at 477, compels the conclusion that his suit could not accrue until the State dropped its charges against him." *Wallace v. Kato*, 549 U.S. at 392. The

---

[3] As previously stated, plaintiff – unlike Wallace – was arrested on judicially authorized and issued arrest warrants in all three cases.

Court rejected this argument. "What petitioner seeks, in other words, is the adoption of a principle that goes well beyond *Heck:* that an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside. . . . We are not disposed to embrace this bizarre extension of *Heck*." *Id*. at 393.

The Sixth Circuit has applied *Wallace's* holding. "*Wallace* clarifies the distinction between claims of malicious prosecution, such as the one addressed in *Heck*, and claims of false arrest and false imprisonment. As noted above, *Heck* held that a claim of malicious prosecution does not accrue until the underlying conviction is invalidated, 512 U.S. at 489–90, 114 S.Ct. 2364, and this holding was reaffirmed in *Wallace.* 127 S.Ct. at 1098. The statute of limitations for a claim for false arrest, however, 'where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.' *Id.* at 1100." *Fox v. DeSoto*, 489 F.3d 227, 235 (6th Cir. 2007).

Plaintiff could have brought suit seeking damages for the original arrests prior to his convictions being set aside without impugning those convictions. **Assuming** the original arrests were without probable cause, that condition lasted only until arraignment or – at the latest – until plaintiff was bound over for trial. As the Supreme Court explained, once plaintiff is held pursuant to legal process "unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process." *Id*. at 390. (Emphasis in original). Thus, a challenge to an arrest without probable cause could be sustained without impugning the underlying criminal conviction. The absence of probable cause when an arrest is initially made does not foreclose the prosecution from developing probable cause a day or a week later. Moreover, an independent judicial finding

11

of probable cause supersedes the original probable cause determination for an arrest – even assuming that determination was faulty. "Where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner or, as we have sometimes put it, in 'objective good faith.'" *Messerschmidt v. Millender*, 565 U.S. 535, 546, 132 S. Ct. 1235, 182 L. Ed. 2d 47 (2012). "'It is a sound presumption that the magistrate is more qualified than the police officer to make a probable cause determination, and it goes without saying that where a magistrate acts mistakenly in issuing a warrant but within the range of professional competence of a magistrate, the officer who requested the warrant cannot be held liable.' (internal quotation marks and citation omitted))." *Id*. at 547 – 548. Thus, *Heck* does not allow the plaintiff to wait to file a Fourth Amendment claim for false arrest until his convictions have been vacated – a point the Supreme Court explicitly made in *Wallace.* Plaintiff's claims for arrest without probable cause are barred by the statute of limitations.

    **II.    THE PLAINTIFF'S FOURTH AMENDMENT CLAIMS OF MALICIOUS PROSECUTION AGAINST EVANS AND STANTON FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

"The Sixth Circuit 'recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment,' which 'encompasses wrongful investigation, prosecution, conviction, and incarceration.' *Barnes v. Wright,* 449 F.3d 709, 715–16 (6th Cir.2006) (internal quotation marks omitted). The 'tort of malicious prosecution' is 'entirely distinct' from that of false arrest, as the malicious-prosecution tort 'remedies detention accompanied not by absence of legal process, but by *wrongful institution* of legal process.' *Wallace v. Kato,* 549 U.S. 384, 390, 127 S.Ct. 1091, 166 L.Ed.2d

12

973 (2007)." *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (Emphasis in original). The first element of a Fourth Amendment malicious prosecution claim is "the defendant 'ma[d]e, influence[d], or participate[d] in the decision to prosecute.'[5] *Fox v. DeSoto,* 489 F.3d 227, 237 (6th Cir.2007)." *Sykes v. Anderson*, 625 F.3d 308. Footnote five is instructive. It states: "The meaning of the term 'participated' should be construed within the context of tort causation principles. Its meaning is akin to 'aided.' To be liable for 'participating' in the decision to prosecute, **the officer must participate in a way that aids in the decision, as opposed to passively or neutrally participating**." *Id*. (Emphasis added). Addressing the potential liability of a police officer for such a claim the Sixth Circuit stated: "It is absolutely clear, however, that an officer will not be deemed to have commenced a criminal proceeding against a person when the claim is predicated on the mere fact that the officer turned over to the prosecution the officer's *truthful* materials." *Id*. at 314. (Emphasis in original).

Nowhere in the Complaint does plaintiff allege Evans or Stanton made any false representations to prosecutors or the court. There is no allegation Evans or Stanton omitted potentially exculpatory information. In fact, plaintiff affirmatively alleges the warrant requests submitted by the defendant police officers contained an **accurate statement** of plaintiff's date of birth – which is the only truly relevant fact to the claims plaintiff has asserted. (See, Complaint, ECF No. 1, p. 6, ¶¶ 30 -31; p. 9, ¶¶ 55 – 56 and **Exhibit H;** pp. 12, 13, ¶¶ 80, 87 and **Exhibit Q).** Based on the allegations in the Complaint plaintiff has failed to state a claim upon which relief can be granted as to Evans and Stanton

for malicious prosecution under the Fourth Amendment and those claims must be dismissed.[4]

### III. IN THE ABSENCE OF VIABLE CLAIMS AGAINST EVANS AND STANTON THE CLAIMS AGAINST THE CITY OF NILES FAIL AS A MATTER OF LAW.

"Without an underlying unconstitutional act, [plaintiff]'s claim against the County under § 1983 must also fail." *Baynes v. Cleland*, 799 F.3d 600, 622 (6th Cir. 2015). *Wilson v. Morgan,* 477 F.3d 326, 340 (6th Cir. 2007) ("There can be no *Monell* municipal liability under § 1983 unless there is an underlying unconstitutional act.").

Here, plaintiff has no viable constitutional claim to assert against Officer Evans or Lt. Stanton. In the absence of a constitutional violation, there can be no *Monell* liability against the City of Niles.

### RELIEF REQUESTED

The defendants, City of Niles, Evans and Stanton, respectfully request the Court grant their motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and dismiss the plaintiff's claims against them with prejudice.

Respectfully submitted,

DATED:  October 9, 2018        PLUNKETT COONEY

BY:   /s/Michael S. Bogren
Michael S. Bogren (P34835)
Attorney for Defendants
CITY OF NILES, JENNY EVANS, AND
MICHAEL STANTON

Open.00560.81752.20514990-1

---

[4] The defendants also rely on the argument advanced by the Berrien County defendants that the Act required the plaintiff to affirmatively seek relief from the reporting requirements before he was relieved of the obligations imposed by the Act.