UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN TOWNES,

    Plaintiff,

v.

CARA WILKINSON, et al.,

    Defendants.
_____/

Case No. 1:18-cv-201

HON. JANET T. NEFF

**OPINION AND ORDER**

Now pending before the Court in this case brought pursuant to 42 U.S.C. § 1983 are Defendants' Motions to Dismiss (ECF Nos. 25 & 29). Having considered the parties' submissions, the Court concludes that oral argument is not necessary to resolve the issues presented. *See* W.D. Mich. LCivR 7.2(d). For the reasons that follow, the Court grants Defendants' motions and closes this case.

    **I.**    **BACKGROUND**

Plaintiff was convicted at the age of 14 for second-degree criminal sexual conduct arising out of an incident that occurred when he was 13 years old (Compl. ¶¶ 19-21, ECF No. 1 at PageID.4-5). According to the terms of Michigan's Sex Offenders Registration Act (SORA) that were effective at the time that he was adjudicated for the crime, he fit the definition of "convicted." MICH. COMP. LAWS § 28.722 (Definitions). Plaintiff contends that after the SORA was amended effective July 1, 2011, he was no longer required to register as a sex offender because the definition

of "convicted" excluded him. Plaintiff filed this case seeking damages arising from three prosecutions brought against him under the SORA.

***Berrien County Trial Court File No. 2011-016168-FH.*** First, on August 26, 2011, City of Niles police officer Jenny Evans arrested Plaintiff on SORA charges and signed a criminal complaint arising out of that arrest (Compl. ¶¶ 29-30, ECF No. 1 at PageID.6). On August 27, 2011, Berrien County Assistant Prosecuting Attorney Elizabeth-Anne J. Peterson effectuated a prosecution against Plaintiff for failing to report under the SORA (*id.* ¶ 34). On August 29, 2011, Berrien County Assistant Prosecuting Attorney Cara Wilkinson signed an authorization for Plaintiff's arrest (*id.* ¶ 37). Plaintiff eventually entered a guilty plea and was sentenced to the time he had already served in the Berrien County Jail and ordered to pay fines and costs (*id.* ¶ 45).

***Berrien County Trial Court File No. 2012-015122-FH***. Second, on January 19, 2012, Officer Evans, after determining that Plaintiff was not able to be located at two different addresses, submitted another complaint to the Berrien County Prosecutor's office (Compl. ¶¶ 50-55, ECF No. 1 at PageID.8-9). Berrien County Assistant Prosecuting Attorney Kelly L. Travis authorized a warrant for Plaintiff on January 31, 2012 for failing to register his address in a timely manner (second offense) and failing to comply with MICH. COMP. LAWS § 28.725a (*id.* ¶ 60). Travis signed a two-count felony warrant on February 3, 2012 charging Plaintiff consistent with the warrant authorization (*id.* ¶¶ 61-62). Regarding the same incident, Wilkinson signed the felony information on February 13, 2012 (*id.* ¶ 68). On February 10, 2012, Wilkinson signed a motion for nolle prosequi as to the second count of the felony warrant pursuant to a plea agreement negotiated by Plaintiff's counsel whereby Plaintiff pled guilty for failing to register in accordance with the SORA (*id.* ¶ 76). Plaintiff was sentenced to 180 days in jail (*id.* ¶ 78).

***Berrien County Trial Court File No. 2012-016135-FH***. Third, on August 3, 2012, City of Niles police officer Michael Stanton signed a felony complaint and warrant against Plaintiff for a SORA violation (Compl. ¶ 80, ECF No. 1 at PageID.12). On August 9, 2012, Wilkinson signed a felony warrant for his arrest (*id.* ¶¶ 82-83). Plaintiff was convicted of failing to register as a sex offender (second offense) and sentenced to prison for 15 to 84 months (*id.* ¶ 95).

In April 2016, an employee of the Michigan Department of Corrections notified the Berrien County Circuit Court and the Berrien County Prosecutor's Office of her belief that Plaintiff had been "improperly convicted" under the SORA (Compl. ¶¶ 97-99, ECF No. 1 at PageID.15). Plaintiff's convictions were set aside on May 3, 2016, and Plaintiff was released from prison on or about that same day (*id.* ¶¶ 105-106).

On February 26, 2018, Plaintiff filed a six-count Complaint against Wilkinson, Peterson and Travis (hereinafter "the Berrien County Prosecutors") and Berrien County (collectively, "the Berrien County Defendants"); as well as officers Evans and Stanton and the City of Niles (collectively, "the Niles Defendants"). Specifically, in Count I, Plaintiff alleges that all Defendants deprived him of

a. Freedom from arrest without probable cause, in violation of Plaintiff's Fourth Amendment rights;

b. Freedom from malicious prosecution, in violation of Plaintiff's Fourth Amendment rights;

c. Right to due process of law under the Fourteenth Amendment;

d. Right to equal protection of the laws under the Fourteenth Amendment and the rights, privileges and immunities of citizens of the United States and State of Michigan; and

e. Otherwise violating the rights of Plaintiff.

(Compl. ¶ 108, ECF No. 1 at PageID.17).

3

In Count II, Plaintiff alleges that Defendant Berrien County violated his Fourth Amendment rights by its

   a. Failure to adequately discipline, train, screen, supervise, transfer, or counsel prosecuting attorneys;

   b. Failure to institute policies and/or proceedings that would ensure that its prosecuting attorneys would maintain current knowledge of, among other things, Michigan criminal law, and particularly that law violations [sic] of which it was charging citizens, including Plaintiff; and

   c. Otherwise had a custom, policy, and practice of violating the rights of Plaintiff.

(Compl. ¶ 114, ECF No. 1 at PageID.18-19).

In Count III, Plaintiff alleges that Defendant City of Niles violated his Fourth Amendment rights by its

   a. Failure to adequately discipline, train, screen, supervise, transfer, or counsel police officers;

   b. Failure to institute policies and/or proceedings that would ensure that its prosecuting police officers would maintain current knowledge of, among other things, Michigan criminal law, and particularly that law violations [sic] of which it was charging citizens, including Plaintiff; and

   c. Otherwise had a custom, policy, and practice of violating the rights of Plaintiff.

(Compl. ¶ 118, ECF No. 1 at PageID.19-20). Last, Plaintiff alleged three state-law claims in Counts IV through VI (*id.* at PageID.20-23). Defendants answered Plaintiff's Complaint (ECF Nos. 8 & 10).

Following a pre-motion conference in August 2018, the Court issued an Order memorializing Plaintiff's decision to withdraw his state-law claims in Counts IV through VI, requiring Plaintiff to provide Defendants with information supporting his equal protection claim in Count I, and setting forth a briefing schedule on the proposed dispositive motions (Order, ECF No. 21). In November 2018, the Berrien County Defendants filed their motion to dismiss Counts

4

I and II against them under FED. R. CIV. P. 12(c) (ECF No. 25). Plaintiff filed a response in opposition (ECF No. 27), to which the Berrien County Defendants filed a reply (ECF No. 31). The Niles Defendants also filed a motion to dismiss Counts I and III against them under FED. R. CIV. P. 12(c) (ECF No. 29). Plaintiff filed a response in opposition (ECF No. 30), to which the Niles Defendants filed a reply (ECF No. 33). Plaintiff's briefing does not reference his equal protection claim, and the Niles Defendants represent that Plaintiff informed Defendants that he was also withdrawing his equal protection claim (ECF No. 32 at PageID.268 n.2).

## II.   ANALYSIS

### A.   Motion Standard

Plaintiff's claims are brought under 42 U.S.C. § 1983. Section 1983 does not confer substantive rights but merely provides a means to vindicate rights conferred by the Constitution or laws of the United States. *Aldini v. Johnson*, 609 F.3d 858, 864 (6th Cir. 2010). Specifically, § 1983 provides a cause of action against a government official who performs discretionary duties in a manner that deprives an individual of a right secured by the Constitution or laws of the United States, if the right was clearly established at the time of the deprivation. *Smith v. Erie Cty. Sheriff's Dep't*, 603 F. App'x 414, 418 (6th Cir. 2015) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To state a claim under 42 U.S.C. § 1983, "'a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" *Scott v. Kent Cty.*, 679 F. App'x 435, 438 (6th Cir. 2017) (citation omitted).

Counties and other local governments are not vicariously liable in § 1983 actions "merely because they employ someone who has committed a constitutional violation." *Arrington-Bey v. City of Bedford Heights, Ohio*, 858 F.3d 988, 994 (6th Cir. 2017) (citing *Monell v. Dep't of Soc.*

*Servs.*, 436 U.S. 658, 690-91 (1978)).  Rather, municipalities "must pay for violations only if the injury is caused by a municipal custom or policy, or if the city's failure to train employees amounts to deliberate indifference to constitutional rights."  *Id.*  "There can be no liability under *Monell* without an underlying constitutional violation."  *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014).

Defendants seek dismissal of Plaintiff's claims under Federal Rule of Civil Procedure 12(c).  A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is resolved in the same manner as a motion to dismiss under Rule 12(b)(6).  *Gavitt v. Born*, 835 F.3d 623, 639 (6th Cir. 2016).  Specifically, the complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007).  The court views the complaint in the light most favorable to the plaintiff, accepting as true all well-pled factual allegations and drawing all reasonable inferences in favor of the plaintiff.  *Gavitt*, 835 F.3d at 639-40.  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "[A] court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Gavitt*, 835 F.3d at 640.

## B. Discussion

**1. The Berrien County Defendants: Counts I & II**

The Berrien County Defendants argue that the Berrien County Prosecutors are immune from Plaintiff's claims brought under 42 U.S.C. § 1983 (ECF No. 26 at PageID.178-180). Further, the Berrien County Defendants argue that Count I should be dismissed because the prosecutors properly applied the 2011 amended SORA provisions to Plaintiff and their actions did not adversely affect Plaintiff's constitutional rights (*id.* at PageID.180-184). The Berrien County Defendants argue that without a constitutional violation to support his § 1983 claim against the County, Plaintiff's Count II should likewise be dismissed (*id.* at PageID.184-187).

In response, Plaintiff argues that prosecutorial immunity does not bar his claims against the Berrien County Prosecutors because it cannot be said, particularly as a matter of law, that they were acting solely as "advocates" (ECF No. 27 at PageID.228-231). Plaintiff also rejects Defendants' argument that the prosecutors acted in compliance with SORA in prosecuting him for crimes he did not commit (*id.* at PageID.231-232). Pointing out that Defendants did not previously raise their argument that the SORA amendment did not apply retroactively, Plaintiff asserts that such an argument is now barred by the doctrine of judicial estoppel (*id.* at PageID.232-233). Plaintiff does not dispute that in order to prevail against Berrien County, he must establish an underlying unconstitutional act (*id.* at PageID.233).

The Berrien County Defendants are entitled to dismissal.

"Absolute prosecutorial immunity shields prosecutors in § 1983 suits for individual damages when prosecutors act within the scope of their prosecutorial duties." *Red Zone 12 LLC v. City of Columbus*, 758 F. App'x 508, 513 (6th Cir. 2019) (citing *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976)). In determining whether an official is entitled to prosecutorial immunity, courts

employ a "functional approach," looking to the "nature of the function performed, not the identity of the actor who performed it." *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)). The functional approach asks whether the conduct was "undertaken in connection with one's duties in functioning as a prosecutor." *Skinner v. Govorshin*, 463 F.3d 518, 525 (6th Cir. 2006) (brackets and internal quotation marks omitted). When performing functions that are "intimately associated with the judicial phase of the criminal process," prosecutors are absolutely immune from civil suits. *Imbler*, 424 U.S. at 430.

On the other hand, functions that are "investigative" or "administrative" are more removed from the judicial process, and the prosecutor would therefore only be protected by qualified immunity. *Red Zone,* 758 F. App'x at 513-514. "The analytical key to prosecutorial immunity" is "whether the actions in question are those of an advocate." *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000). "Whether the prosecutor has an improper motive, acts in bad faith, or even acts in an unquestionably illegal manner is irrelevant." *Red Zone,* 758 F. App'x at 514. *See, e.g., Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir. 1986) (failing to disclose exculpatory information does not preclude a prosecutor from absolute immunity).

Here, the Berrien County Prosecutors are shielded by prosecutorial immunity. Like the plaintiff in *Red Zone*, Plaintiff here argues that the prosecutors' actions went beyond those of advocacy because the prosecutors also acted as investigators and decision-makers about whether and when to initiate the criminal proceedings. However, even assuming the truth of Plaintiff's allegations that the prosecutors also acted as investigators and decision-makers, the prosecutors' actions were preliminary to the initiation of a prosecution, i.e., conduct that was undertaken in connection with, and centered on, their duties in functioning as prosecutors. *Red Zone,* 758 F. App'x at 513 (quoting *Skinner*, 463 F.3d at 525). Hence, their actions were those of advocates,

*see Imbler*, 424 U.S. at 431; *Red Zone, supra*; *Holloway*, 220 F.3d at 775, and they are immune from Plaintiff's claims against them. Accordingly, the Court declines to address the merits of the parties' arguments regarding the retroactive or prospective application of the 2011 amendment of the registration requirement in Michigan's statute.

Consistent with the parties' agreement, Plaintiff's § 1983 claims against Berrien County in Count II will also be dismissed. *See also Van de Kamp v. Goldstein*, 555 U.S. 335 (2009) (prosecutorial immunity extends to claims of failure to properly train, supervise or organize).

**2.    The Niles Defendants:  Counts I & III**

The Niles Defendants first argue that Plaintiff's Fourth Amendment claims of arrest without probable cause are untimely filed after the expiration of the statute of limitations (ECF No. 32 at PageID.269-275). Relying on *Wallace v. Kato*, 549 U.S. 384 (2007), the Niles Defendants argue that the limitations period on Plaintiff's claims began to run at the time of his arrest, not when his conviction was vacated (*id.* at PageID.271). The Niles Defendants also argue that Plaintiff's Fourth Amendment claims of malicious prosecution fail to state a claim upon which relief can be granted inasmuch as a police officer cannot be deemed to have commenced a criminal proceeding against a person based on the mere fact that the officer turned over truthful materials to the prosecution (*id.* at PageID.275-277). Last, the Niles Defendants argue that if Plaintiff has no viable claim against officers Evans or Stanton, then there can be no *Monell* liability against the City of Niles (*id.* at PageID.277).

In response to Defendants' limitations argument, Plaintiff argues that under *Heck v. Humphrey*, 512 U.S. 477 (1994), "any section 1983 claim that would imply the invalidity of a state law conviction—the arrest is what triggered the prosecution and conviction—cannot be brought until the plaintiff's conviction has been reversed or otherwise declared invalid" (ECF No. 30 at

9

PageID.239).  Plaintiff concludes that because his convictions were set aside by order dated May 3, 2016, his February 26, 2018 filing of this case was timely (*id.* at PageID.247).  Plaintiff also argues that he has adequately alleged that the Niles Defendants actively participated and aided in the decision to prosecute him (*id.* at PageID.239, 251).  Plaintiff agrees with the Niles Defendants that there can be no *Monell* municipal liability in this case without an underlying unconstitutional act (*id.*).

The Niles Defendants are entitled to dismissal.

For Fourth Amendment claims for arrest without probable cause, federal law determines when the statute of limitations begins to run on a § 1983 claim.  *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wallace, supra*).  In *Wallace*, 549 U.S. at 397, the Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."

As the Niles Defendants point out in their reply (ECF No. 33 at PageID.332), the Supreme Court's 1994 decision in *Heck* does not compel a different result.  Rather, the Supreme Court explicitly rejected the argument Plaintiff advances.  In *Wallace*, the petitioner, relying on the *Heck* rule for deferred accrual, argued that "his suit could not accrue until the State dropped its charges against him."  *Wallace*, 549 U.S. at 392.  The Supreme Court opined that "[w]hat petitioner seeks, in other words, is the adoption of a principle that goes well beyond *Heck*: that an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside."  *Id.* at 393.  In rejecting the argument, the Supreme Court stated: "It would hardly be desirable to place the question of tolling vel non in this jurisprudential limbo, leaving it to be

10

determined by those later events, and then pronouncing it retroactively." *Id.* at 395. *Wallace* is determinative and requires dismissal of Plaintiff's untimely claims for wrongful arrest.

Plaintiff also fails to state a plausible malicious prosecution claim against officers Evans and Stanton. The Sixth Circuit has held that to succeed on a malicious-prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove the following: First, the plaintiff must show that a criminal prosecution was initiated against the plaintiff and that the defendant "ma[d]e, influence[d], or participate[d] in the decision to prosecute." *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (citation omitted). Second, because a § 1983 claim is premised on the violation of a constitutional right, the plaintiff must show that there was a lack of probable cause for the criminal prosecution. *Id.* Third, the plaintiff must show that, "as a consequence of a legal proceeding," the plaintiff suffered a "deprivation of liberty," as understood in our Fourth Amendment jurisprudence, apart from the initial seizure. *Id.* at 308-09 (citation omitted). Fourth, the criminal proceeding must have been resolved in the plaintiff's favor. *Id.* at 309.

The Niles Defendants challenge Plaintiff's allegations in support of the first element. In this regard, the Sixth Circuit has noted that "[t]he meaning of the term 'participated' should be construed within the context of tort causation principles. Its meaning is akin to 'aided.' To be liable for 'participating' in the decision to prosecute, the officer must participate in a way that aids in the decision, as opposed to passively or neutrally participating." *Sykes*, 625 F.3d at 308, n.5. There must be "some element of blameworthiness or culpability in the participation," as "truthful participation in the prosecution decision is not actionable." *Johnson v. Moseley*, 790 F.3d 649, 655 (6th Cir. 2015).

Here, as the Niles Defendants point out, Plaintiff does not allege that either Evans or Stanton made any false representations to prosecutors or the court; rather, Plaintiff affirmatively alleges that the warrant requests submitted by the defendant police officers contained an accurate statement of plaintiff's date of birth. Hence, even taking Plaintiff's allegations in the light most favorable to him, the Court concludes that Plaintiff has not alleged facts to support a plausible malicious prosecution claim. In sum, Plaintiff's Count I fails to state a constitutional violation by officers Evans or Stanton. Consistent with the parties' agreement, Defendant City of Niles is likewise entitled to dismissal of Count III.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss (ECF Nos. 25 & 29) are GRANTED, and Plaintiff's Complaint is DISMISSED.

Dated: August 27, 2019

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge